In re Richard LELI, Jr., d/b/a
RL Homes, Debtor.

Diane L. Jensen, as the Chapter
7 Trustee for Richard Leli, Jr.
d/b/a RL Homes, Plaintiff

v.

Cardillo, Keith & Bonaquist, P.A.,
Christopher Marsala and Deborah
Marsala, individually and as Trustees,
Anthony Marino, MLB Development
& Holdings, LLC, Hunters Property,
LLC, Tula Enterprises, LLC, and Tro-
picana Avenue Development, LLC, De-
fendants.

Bankruptcy No. 9:07–bk–12154–ALP.
Adversary No. 9:08–ap–00090–ALP.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Dec. 10, 2009.

Seth P. Traub, Steven M. Berman, Thomas M. Wood, for Trustee, Shumaker Loop & Kendrick, LLP, Tampa, FL, for Plaintiff.

Douglas B. Szabo, Henderson, Franklin, Starnes & Holt PA, Ft. Myers, FL, James D. Gibson, Gibson, Kohl–Helbig & Wolff, PL, Sarasota, FL, Antonio Faga, Theodore R. Walters, Cummings & Lockwood, LLC, Naples, FL, for Defendants.

MLB Development & Holdings, LLC, Estero, FL, Pro se.

Hunters Property, LLC, Estero, FL, pro se.

Tropicana Ave Development, LLC, Estero, FL, Pro se.

## ORDER ON DEFENDANTS, CARDILLO, KEITH & BONAQUIST, P.A., CHRISTOPHER MARSALA'S, MOTION FOR PARTIAL SUMMARY JUDGMENT

(Doc. No. 172)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

**THE MATTER** under consideration in the above-captioned case of Richard Leli, Jr., d/b/a RL HOMES (the Debtor), is a Motion for Partial Summary Judgment, filed by Cardillo, Keith and Bonaquist P.A.(CKB) and Christopher Marsala (Marsala)(Defendants), named in the above adversary proceeding filed by Diane L. Jensen, the Chapter 7 Trustee (Trustee) for the estate of the Debtor. The Motion is filed by the Defendants who contend they are entitled to a partial summary judgment concerning the claims asserted by the Trustee seeking punitive damages against CKB and Marsala. It is the contention of the Defendants that there is no evidence in this record upon which a jury could find by clear and convincing evidence that either of the Defendants engaged in intentional conduct or acted with gross negligence necessary to establish a claim for punitive damages under applicable law.

The particular claims are set forth in the Amended Complaint (Doc. No. 100) filed by the Trustee. The counts are as follows: Count IV is based on Conspiracy to Commit Fraud, Count V is based on Fraud and Count VI Aiding and Abetting Fraud. The Trustee alleges that each of the three causes of actions is based on:

> Marsala, the Firm (CKB) and Marino knowingly made both false statements of material fact or concealed a material fact regarding the need and benefit of transferring away the Hunters Rd Parcels and Tropicana Ave Parcels as well as transferring the Debtor's interest in MLB to Marsala.

(Plaintiff's Amended Complaint, ¶¶ 105, 113, 118).

In further support of her claims, the Trustee alleges in her Amended Complaint that Marsala, CKB and Marino intended to induce the Debtor, to act on these statements and to transfer away his interest in the MLB and Tropicana Parcels. (Plaintiff's Amended Complaint, ¶¶ 106, 114 and 119).

At the duly scheduled and noticed hearing on the Defendants' Motions for Summary Judgment, this Court heard extensive argument by the Defendants, counsel for the Defendants and also counsel for the Trustee, has considered the record and relevant case law, and now finds and concludes as follows:

Summary judgment should only be granted when the moving party proved that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.Pro. 56(c); *Celotex Corp. v. Ca-*

*trett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Issues of fact are genuine only if a reasonable jury, considering the evidence presented, could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The facts are material if they affect the outcome of the trial under governing law. *Id.* at 248, 106 S.Ct. 2505. The moving party has a burden to prove the absence of a genuine issue of material facts. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (U.S.1970). After the movant has met its burden, the non-moving party must come forward with specific factual evidence establishing the existence of a material factual dispute. *Gargiulo v. G.M. Sales, Inc.,* 131 F.3d 995, 999 (11th Cir.1997). "The evidence presented by a non-moving party cannot consist of conclusory allegations or legal conclusions" but instead must present specific facts showing that there is a genuine issue for trial. *Avirgan v. Hull,* 932 F.2d 1572, 1577 (11th Cir.1991); Fed.R.Civ.Pro. 56(e). A court must view the evidence in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (U.S. 1970). If a court finds that there is a genuine issue as to ultimate facts, it is improper for the court to grant a motion for summary judgment. Fed.R.Civ.P. 56(c).

When applying the principles which govern a factual allegation needed to establish a punitive damage award, it should be noted that summary judgment is appropriate "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to a judgment as a matter of law." *Imaging Bus. Mach., LLC. v. BancTec, Inc.,* 459 F.3d 1186, 1189 (11th Cir.2006) (citing Fed. R.Civ.P. 56(c)).

■ This Court is satisfied that there is nothing in this record that indicates that there are disputed facts and that the non-moving parties are entitled to a judgment in their favor. The standard of proof of the elements to establish a claim for punitive damages under Florida law is very high. Section 768.72(2) of the Florida Statute provides:

(2) A defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence. As used in this section, the term:

(a) "Intentional misconduct" means that the defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the claimant would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage.

(b) "Gross negligence" means that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct

Fla. Stat. § 768.72(2) (2009).

Accordingly, in order to recover for punitive damages, the moving party, such as the Plaintiff in this case, must establish that a defendant either engaged in intentional misconduct with knowledge of wrongfulness of their conduct or that the Defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety or rights of the Plaintiff. *Kurtz v. Young,* 2009 WL 1490578 at *5 (S.D.Fla. 2009) (citing *Southstar Equity, LLC v. Lai*

*Chau,* 998 So.2d 625, 632 (Fla. 2d DCA 2008)).

In Florida, mere negligence, by itself, is not sufficient to permit recovery of punitive damages. *White Constr. Co. v. Dupont,* 455 So.2d 1026 (Fla.1984). The Misconduct required to support a claim of punitive damages is the same conduct that is necessary to sustain a conviction for criminal manslaughter. *Id.* at 1028 (quoting *Carraway v. Revell,* 116 So.2d 16, 22 (Fla.1959)). Such misconduct involves an "element of outrage similar to that usually found in a crime." *Tiger Point & Country Club v. Hipple,* 977 So.2d 608, 610 (Fla. 1st DCA 2007) (quoting Restatement (Second) Tort § 908 cmt. b (1979)).

In the present instance, there is no evidence in this record in which one could be reasonably satisfied that Marsala and/or CKB were engaged in intentional misconduct vis-a-vis, the Debtor. The record is devoid of any evidence that Marsala and/or CKB engaged in any acts or omissions with the specific intent to harm the Debtor, or with the knowledge and a conscious disregard of the harm that could result from the acts or omissions. Furthermore, this record is clear that the evidence provided to this Court lacks significant proof that CKB participated in, condoned, or contributed to the alleged harmful conduct of Marsala.

Pursuant to Section 768.72 (2009), in order to be held directly liable for punitive damages, a plaintiff must show by clear and convincing evidence that the entity engaged in intentional misconduct or gross negligence. Section 768.72(3) of the Florida Statute provides:

> (3) In the case of an employer, principal, corporation, or other legal entity, punitive damages may be imposed for the conduct of an employee or agent only if the conduct of the employee or agent meets the criteria specified in subsection (2) and:
>
> (a) The employer, principal, corporation, or other legal entity actively and knowingly participated in such conduct;
>
> (b) The officers, directors, or managers of the employer, principal, corporation, or other legal entity knowingly condoned, ratified, or consented to such conduct; or
>
> (c) The employer, principal, corporation, or other legal entity engaged in conduct that constituted gross negligence and that contributed to the loss, damages, or injury suffered by the claimant.

Fla. Stat. § 768.72(3) (2009).

In sum, the Plaintiff's claims against Marsala and/or CKB are not supported by undisputed facts and are subject to summary judgment as a matter of law. Based on the foregoing, this Court is satisfied that neither of the Defendants were engaged in intentional misconduct or gross negligence and, therefore, the Defendants' Motion for Partial Summary Judgment concerning the claims asserted in Counts IV, V, and VI of the Plaintiff's Amended Complaint are well taken and it is appropriate to dispose of the present Motion by way of summary judgment.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Defendants, Cardillo, Keith & Bonaquist, P.A. and Christopher Marsala's Motion for Partial Summary Judgment (Doc. No. 172) be, and the same is hereby granted in favor of the Defendants, Cardillo, Keith & Bonaquist, P.A. and Christopher Marsala and against Diane L. Jensen, the Chapter 7 Trustee. It is further

ORDERED, ADJUDGED AND DECREED that the claims set forth in Counts IV, V, and VI of the Amended Complaint for Damages and Demand for

Jury Trial be, and the same are hereby dismissed without prejudice.